Filed 2/10/15  P. v. Soria CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>GASPER SORIA,<br><br>　　　Defendant and Appellant. | F067983<br><br>(Super. Ct. No. F13900962)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan Skiles, Judge.

Denise A. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Gomes, Acting P.J., Poochigian, J. and Detjen, J.

Defendant Gasper Soria pled no contest to assault with a semi-automatic firearm (Pen. Code, § 245, subd. (b))[1] and admitted a firearm use allegation (§ 12022.5, subd. (a)). The trial court denied probation and sentenced defendant to prison for six years. On appeal, defendant contends the trial court abused its discretion by denying probation. He argues his case was unusual and the interests of justice would have been best served by a grant of probation. We disagree and affirm.

## FACTS[2]

"On January 20, 2013, at approximately 9:56 p.m., Eduardo R. (victim one) and his girlfriend, Ashley M. (victim two), were walking to a family member's home when they approached an intersection. On the corner of the street, there were two males, one of them was later identified as Gasper Soria (the defendant). As V1 and V2 passed, the defendant grabbed V1 on the collar and pulled him backwards. The defendant stated, 'What do you bang, Dog?' V1 attempted to explain that he was not a gang member, and he did not want any problems. It should be noted that V1 is a Norteño gang member, but has not been active for the past few years.

"V1 pulled away from the defendant's grasp, and he and V2 continued walking towards their destination. Then, they observed the defendant reach into his rear pant pocket and pull out a gun. V1 and V2 began running, and ducked behind several parked cars. Just then, they heard numerous gun shots and saw the defendant and the other male run in the opposite direction. V1 and V2 immediately contacted local law enforcement.

"Upon the officers' arrival, V1 explained that he has not had any major problems with any Bulldog gang members in a while; however, just two days prior to this incident, his house was shot multiple times with a shotgun. An investigation was conducted, and officers located seven .380 caliber shell casings on the sidewalk. There were three gun shots in the rear window of a vehicle, along with a strike mark on its side. There was also another strike mark on a different vehicle, and a gunshot to a nearby wall.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

[2] These facts are taken from the probation officer's report.

"Later on that night, another shooting took place in a very close proximity. Officers arrived on scene and interviewed several witnesses. They informed law enforcement that there were two males shooting firearms, and afterwards, they ran into a nearby residence. The address of the residence was investigated, and one of the people residing there was said to be the defendant.

"During the next few days, officers conducted surveillance of the residence. On numerous occasions, they observed the defendant leaving and returning to the home. A photo lineup was processed, and V2 positively identified the defendant as being the shooter. A search warrant was then written and signed for the defendant's address.

On January 28, 2013, the search warrant was served at the defendant's residence. He was present, and immediately taken into custody. At the home, officers located a 12-gauge shotgun shell, which they believed to match the shells located at the scene of the original shooting. The home owner, Emilio C. was interviewed, and he stated that the defendant was not at the residence on the night of January 20, 2013. He further stated that at night he is usually out 'on the streets.'

"Under Miranda, the defendant stated that he was home on the night of the shooting. He declined to make any further comments or answer any other questions. The defendant was transported and booked into the Fresno County Jail. [¶] … [¶]

"The defendant was interviewed by [the probation] officer at the Fresno County North Jail on June 27, 2013, and provided the following information:

"The defendant informed [the probation] officer that he was not involved in the shooting, and that they arrested the wrong person. He stated that he does not know how he feels about the case. In regards to sentencing, he would like to be granted probation, along with a substance abuse counseling program. [¶] … [¶]

"The defendant, … age 20, is presumptively ineligible for a grant of probation, pursuant to [section] 1203[, subdivision ](e)(2), without any unusual circumstances indicating an interest of justice to grant probation. He is currently before the Court for sentencing on his first adult felony conviction. [¶] … [¶]

"To the defendant's credit, he is youthful, has no criminal history as an adult,[3] and admitted guilt at an early stage of the proceedings. However, it is concerning to [the probation] officer that the defendant denied any involvement during the time of the probation interview. Additionally, he denied being an active Bulldog gang member, and stated that he only associates with them on occasions. This was clearly an occurrence that happened because of gang violence.

"[The probation] officer is respectfully recommending that probation be denied, and that the defendant [be] committed to the California Department of Corrections and Rehabilitation. Although factors in aggravation (sophistication and planning, violent conduct) outweigh those [in] mitigation (early plea), given his youthful age and lack of adult criminal history, the mitigated term of three years is recommended. Furthermore, the defendant is to serve an additional and consecutive three years, pursuant to [section] 12022.5[, subdivision ](a). The total term for the defendant to serve in state prison is six years."

At the sentencing hearing, the court asked if either side would like to be heard, and the following occurred:

"[DEFENSE COUNSEL]: Yes, Your Honor, just briefly. Your Honor, we'd ask the Court to consider in this case a finding of unusual circumstances in order for the Court to grant probation. [Defendant] is 21 years old. I believe he has no adult criminal history. I believe he has limited juvenile history. He had been employed prior to this incident. There are issues as to drug usage that are explained in the report. In addition, we gave to the Court a report … recommending the Fresno Rescue Mission, which would be a two-year program where he would be living in the program receiving the drug treatment program that I believe is needed in this case.

"As to the crime itself, Your Honor, it is a very serious crime that could have led to injuries. You know, he wants to apologize for the acts that were committed during that incident. There were no injuries. Does appear there was a codefendant. As to the statements in the probation report, I believe he does take responsibility in his letters to the Court for the actions that were committed on that date. He wants to go back into the community and become a productive citizen and we believe that the drug

---

**3** Defendant's juvenile criminal history included battery on school property (§ 243.2) in 2001 and assault with a deadly weapon (§ 245, subd. (a)(1)) in 2009.

4

treatment would be a key facet as to any rehabilitation. This is his first felony conviction. Although the felony itself that he's pled to is a very serious crime, we do believe there is a basis for the Court to grant probation under unusual circumstances given the facts of this case and totality of the case itself.

"In light of the recommendation of probation, if the Court were to follow the recommendation of a CDC commitment we'd ask the Court to stay the enhancement and possibly give him three years so that he could get punished, do the CDC time and at the same time come back into the community and obtain the drug treatment program that he, I believe, needs at this time, Your Honor. Submitted.

"THE COURT: Help me connect a few dots here, because in the report from probation [defendant] is saying that he's not the person that did this. That the wrong person was arrested. And I've got a letter in front of me that seems [to] go a completely different direction. So I'm a little confused on what his position is.

"[DEFENSE COUNSEL]: Your Honor, I believe he pled no contest. He takes responsibility for the actions that were committed on that day. There was a codefendant that was never arrested; however, he has taken responsibility for the actions and has pled in this case admitting Count 1 and the enhancement.

"THE COURT: He also admitted personal use of a firearm.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: So what he pled to was pulling out a gun and shooting at a couple people.

"[DEFENSE COUNSEL]: And we do not deny that, Your Honor. And we have stated it in the—that this is a very serious, violent crime and he takes full responsibility for it.

"THE COURT: Anything by the People?

"[PROSECUTOR]: Your Honor, this defendant shot at people. We do not think he should be allowed to a treatment program and we'll submit on the Court's indicated term of three years plus the three-year enhancement.

"THE COURT: [Defendant], there's only one reason that I can think of that you're not looking at 50 years to life in prison for murder with personal use of a firearm, and that's the bullet didn't actually hit the person

5

you were pointing the gun at.  I don't know if you understand how close you came to spending the rest of your life in a prison cell because of a bad decision.  I've got no reason to think that you're not somebody who can be perfectly nice and respectful and get along with other people, but a stupid decision like this one can change your life forever and it can certainly change the person's life that you're pointing the gun at.  There are some actions that can't simply be dealt with through treatment programs.  I'm a very large fan of drug treatment as a way of getting back on the right path, but when you pull out a gun and shoot at someone, that has to be taken seriously.  So I can't do a grant of probation in this case.  The facts and circumstances are simply too serious for that.

"Even though this is not going to be probation, hopefully you're going to listen closely to what I'm about to tell you.  There's going to be a lot of temptation to engage in gang activity while you're serving this time. If you do that, if you do something other than trying to stay out of trouble while you serve this sentence, it's going to compound because this is a strike offense, which means if you pick up a felony in prison it's going to double that time and it's just going to snowball.  So this is an opportunity to take stock of where you're at and make some changes so that this doesn't go downhill to a very, very bad place.

"Given your youth and the fact this is your first felony conviction as an adult, as to Count 1 I'm imposing the mitigated term.  That's the lowest term available.  That's still three years, but the aggravated term is nine.  So it's the lower of the terms.  That is enhanced because of the personal use of a firearm by an additional three years.  That's the [section] 12022.5 enhancement that was admitted.  That means the total aggregate term is six years in custody.  This is a state prison commitment, not a local commitment, because of the personal use of the firearm."

## DISCUSSION

Defendant was presumptively ineligible for probation based on section 1203, subdivision (e)(2) because he used a deadly weapon in the commission of the crime:

"(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons:  [¶]  ...  [¶]

"(2) Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted."

6

In determining whether a statutory limitation on probation, such as this, has been overcome, the trial court is required to use the criteria set forth in California Rules of Court, rule 4.413, which provides:

"**(a) Consideration of eligibility**

"The court must determine whether the defendant is eligible for probation.

"**(b) Probation in unusual cases**

"If the defendant comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would best be served,' or a substantially equivalent provision, the court should apply the criteria in (c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation.

"**(c) Facts showing unusual case**

"The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate:

"(1) *Facts relating to basis for limitation on probation*

"A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including:

"(A) The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and

"(B) The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense.

"(2) *Facts limiting defendant's culpability*

"A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

"(A) The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

"(B) The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

"(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

We review a trial court's determination that a case may or may not be unusual for an abuse of discretion. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) "A court abuses its discretion 'whenever the court exceeds the bounds of reason, all of the circumstances being considered.' [Citation.] We will not interfere with the trial court's exercise of discretion 'when it has considered all facts bearing on the offense and the defendant to be sentenced.'" (*People v. Downey* (2000) 82 Cal.App.4th 899, 909-910.) Further, "if the statutory limitations on probation are to have any substantial scope and effect, 'unusual cases' and 'interests of justice' must be narrowly construed and, as rule 413 provides, limited to those matters in which the crime is either atypical or the offender's moral blameworthiness is reduced." (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1229.)

Defendant argues that in his case the use of a deadly weapon was substantially less serious than the typical use of a deadly weapon because no one was injured and because the crime was not perpetrated in furtherance of another felony. He points out that he was only 20 years old, had no recent adult record of similar crimes, and had an alcohol and methamphetamine problem.

We, however, see defendant's crime as senseless and brazen. He shot at two people who were simply walking on the sidewalk. They ran for cover and survived the attack. There was nothing less serious about this crime than any other senseless and

8

brazen gang shooting. And this was not defendant's first assault with a deadly weapon. We, like the trial court, can fathom no reason why defendant should have been granted probation. The trial court did not abuse its discretion.

## **<u>DISPOSITION</u>**

The judgment is affirmed.